## In re AIR CRASH DISASTER AT TWEED–NEW HAVEN AIRPORT ON JUNE 7, 1971.

### No. 96.

Judicial Panel on Multidistrict Litigation.

May 30, 1972.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The ten actions composing this litigation arise from the crash of an Allegheny Airlines aircraft near the Tweed Airport of New Haven, Connecticut, fatally injuring twenty-eight of the thirty-one persons on board. The Panel ordered the parties to these actions to show cause why they should not be transferred to a single district for coordinat-

---

* Although Judges Wisdom and Becker were unable to attend the hearing, they have, with the consent of the parties, participated in this decision.

ed or consolidated pretrial proceedings. 28 U.S.C. § 1407(c) (i). On the basis of the responses to the Panel's order and the arguments presented at the hearing on this matter, we hold that the actions must be transferred to the District of Connecticut for pretrial proceedings to further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Only Allegheny Airlines unqualifiedly supports transfer of all cases to Connecticut. A group of plaintiffs who have filed actions mainly in the District of Connecticut offer token opposition to transfer. They state that only two groups of attorneys, thus far, represent the claims of deceased passengers in this litigation and that these two groups can easily cooperate in coordinating the pretrial processing of these cases. But if transfer is ordered, they urge that the cases be sent to the District of Connecticut. The strongest opposition to transfer comes from plaintiff Higginson in the District of Maryland, who adopts the argument that coordination by counsel is possible here and objects to consolidation under Section 1407 as inevitably delaying trial, impeding settlement and increasing the costs of air disaster litigation. If transfer is ordered, Higginson prefers the District of Columbia or an adjacent district as transferee forum.

In our estimation this litigation presents a classic case for transfer under Section 1407. Ten plaintiffs in three districts are asserting the liability of a common defendant arising out of the same crash. The pretrial processing of these cases will necessarily require development of the same facts and, while plaintiffs urge their ability to cooperate informally, the only way to assure the orderly handling of these cases is to assign them to a single judge. The spirit of cooperation referred to by the plaintiffs should then enable them to complete preparation of their cases for trial in minimal time and with minimal cost.

Plaintiff Higginson argues that if these cases are transferred, they should be sent to the District of Columbia where the flight originated and where the crew was based. The remaining parties who have responded to the Show Cause Order favor the District of Connecticut. The Panel generally assigns air disaster litigation to the district in which the crash occurred because of the presence of important witnesses and documents there. *See,* In re Fairland, Indiana Air Disaster, 309 F. Supp. 621 (J.P.M.L.1970); *cf.* In re New Orleans Air Disaster, 331 F.Supp. 554 (J.P.M.L.1971). And it seems clear that the rule should be followed here since Connecticut is the focal point of the litigation. Seven of the ten actions are now pending in that district and fifteen of the twenty-eight passengers on board were Connecticut residents.

It is therefore ordered that all actions on the attached Schedule A be, and the same hereby are, transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable M. Joseph Blumenfeld for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 with the actions in that district listed on the attached Schedule A.

## SCHEDULE A

### District of Connecticut

| | |
|---|---|
| Rosemarie A. Perry, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14724 |
| Marion E. Kerber, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14725 |
| Norman H. Kelly v. Allegheny Airlines, Inc. | Civil Action No. 14740 |
| Jacob Meisel, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14786 |
| St. Francis Home for Children, Inc. v. Allegheny Airlines, Inc. | Civil Action No. 14817 |
| Ruth LaFerriere, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14826 |
| Janet C. McCaa v. Allegheny Airlines, Inc. | Civil Action No. 14832 |

### District of Maryland

| | |
|---|---|
| Ann L. Bishop, etc. v. Allegheny Airlines, Inc. | Civil Action No. 71–1002–H |
| Judith Y. Higginson, etc. v. Allegheny Airlines, Inc. | Civil Action No. 71–1134–H |

### Eastern District of Pennsylvania

| | |
|---|---|
| Elizabeth H. Lamb, etc. v. Allegheny Airlines, Inc. | Civil Action No. 72–65 |