**In re AIR CRASH DISASTER AT JUNEAU, ALASKA ON SEPTEMBER 4, 1971.**

**No. 107.**

Judicial Panel on Multidistrict Litigation.

Nov. 17, 1972.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD *, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL *, Judges of the panel.

* Although Judges Weinfeld, Robson and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

OPINION AND ORDER

PER CURIAM.

One hundred and four passengers and seven crew members died in the crash of an Alaska Airlines aircraft near Juneau, Alaska in 1971. Six actions arising from the accident have been filed in the Northern District of California, one in the District of Alaska and one in the Western District of Washington. More than 30 other actions arising from the accident are pending in the state courts of Washington and Alaska.

The United States has moved for the transfer of all federal actions to the District of Alaska for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, but because of the history of this litigation, we think it more appropriate to transfer them to the Northern District of California for such proceedings.

The six California actions are assigned to Judge Peirson Hall.[1] Judge Hall held a pretrial conference in February 1972, after notice to representatives of all decedents, to consider methods of disposing of all claims arising from the crash. Counsel for all parties in the federal actions as well as many state court counsel attended this conference and a stipulation to expedite consolidated discovery for all cases was discussed. At subsequent conferences a Plaintiffs' Discovery Committee was appointed to represent all state and federal plaintiffs and a stipulation concerning the use of consolidated discovery was approved by the court and later circulated to all plaintiffs and potential plaintiffs with the recommendation of Plaintiffs' Discovery Committee that it be executed.

The stipulation provides that discovery on the liability issue will occur in the Northern District of California or the district designated transferee district by the Panel under 28 U.S.C. § 1407. Dis-

1. Judge Hall has also been assigned to the other districts in which actions are pending by the Chief Judge of the United States Court of Appeals for the Ninth Circuit.

covery obtained by this manner may be used by a party to the stipulation in any forum. Discovery in other actions is stayed by agreement and those who do not sign the stipulation cannot get the benefit of the consolidated discovery effort. This stipulation has been signed by all defendants except the United States, by all federal plaintiffs and by a number of state court plaintiffs.

Pursuant to the stipulation, Plaintiffs' Discovery Committee has completed document discovery from Alaska Airlines and has begun depositions. Judge Hall has also heard and granted a petition to perpetuate testimony as to the United States and the United States is now producing documents to the plaintiffs. All of this has taken place under the supervision of the Northern District of California court. Discovery in the other cases has been stayed by the stipulation.

There is no disagreement among the parties concerning the need for transfer of all federal actions to a single district and we think transfer is clearly warranted under 28 U.S.C. § 1407 for the convenience of the parties and witnesses and the just and efficient conduct of the litigation. In re Tweed-New Haven Air Disaster, 343 F.Supp. 951 (J.P.M.L. 1972). Under Judge Hall's guidance the parties have achieved maximum informal coordination of their actions, but transfer to a single district will make such coordination more effective.

The only dispute concerns the selection of the transferee district. The United States requests transfer to Alaska because the crash occurred there and electronic equipment and personnel involved in the events surrounding the crash are there. Every other party to the litigation, plaintiff and defendant, prefers transfer to the Northern District of California. In opposing transfer to Alaska, they note that there are no eyewitnesses to the crash and that all witnesses likely to be called are the agents and employees of the defendants and have already submitted to some examination by the plaintiffs or by the National Transportation Safety Board outside of Alaska. In support of the Northern District of California, they refer to the progress made in that district in securing the stipulation and in commencing consolidated discovery.

Although the fact of Judge Hall's intracircuit assignment to all districts makes the choice of transferee district less significant, we think the parties should be allowed to continue in the district in which they have accomplished all of their discovery. The considerations argued by the United States in favor of Alaska have been effectively rebutted by the other parties and the past history of the litigation clearly requires that all cases be transferred to the Northern District of California.

It is therefore ordered that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, are hereby assigned to the Honorable Peirson Hall for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

SCHEDULE A

**Northern District of California**

| | |
|---|---|
| Ali Aunalla, etc. v. Alaska Airlines, et al. | Civil Action No. C–71–2363–PMH |
| William A. Parsons, etc. v. Alaska Airlines | Civil Action No. C–72–546–PMH |
| Larry A. Peak v. Alaska Airlines | Civil Action No. C–71–1918–PMH |
| Juanita Hartland v. Alaska Airlines, et al. | Civil Action No. C–71–1730–PMH |
| Patricia Hartland v. Alaska Airlines, et al. | Civil Action No. C–71–1729–PMH |
| Tracy Christine Hartland v. Alaska Airlines, et al. | Civil Action No. C–71–1861–PMH |

**District of Alaska**

| | |
|---|---|
| Robert E. Rothberger, Sr., etc. v. Alaska Airlines, Inc., et al. | Civil Action No. J–4–72 |

**Western District of Washington**

| | |
|---|---|
| Cheryl Ellen Null v. United States of America | Civil Action No. 390–72C2 |