In re AIR CRASH DISASTER AT JU-
NEAU, ALASKA, ON SEPTEMBER
4, 1971.

No. 107.

Judicial Panel on Multidistrict Litigation.
July 5, 1973.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions arising from the crash of an Alaska Airlines aircraft near Juneau, Alaska, on September 4, 1971, to the Northern District of California and, with the consent of that court, assigned them to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings. *See* In re Juneau, Alaska, Air Disaster Litigation, 350 F.Supp. 1163 (Jud.Pan.Mult.Lit.1972). The above-captioned action consists of seven individual actions against Alaska Airlines which were originally filed in Alaska state court and subsequently removed to the United States District Court for the District of Alaska and consolidated for further proceedings. The Panel ordered the parties to show cause why the *Southerland* action should not also be transferred under Section 1407 to the Northern District of California for pretrial proceedings. Two of the seven plaintiffs in *Southerland* have opposed transfer. On the basis of the briefs filed and the hearing held, we find that transfer of this action to the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All plaintiffs in *Southerland* have filed motions seeking remand of their respective actions against Alaska Airlines to state court. The plaintiffs opposing transfer urge the Panel to post-

---

[*] Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

pone any decision on transfer until the motions for remand have been determined.

■■ We see no reason for delaying our decision to transfer this action. The *Southerland* action involves questions of fact identical to those raised in the actions previously transferred by the Panel. Transfer of the *Southerland* action to the Northern District of California under Section 1407 is necessary, therefore, in order to prevent duplication of common discovery. In addition, Judge Hall has been designated to sit as a judge in the District of Alaska pursuant to 28 U.S.C. §§ 292(b) and 294(c) and has been assigned the *Southerland* action for all purposes. Thus, he already has plaintiffs' motions for remand before him. Inasmuch as those motions are pretrial motions, Judge Hall also has the power to rule on them in his capacity as transferee judge.

Plaintiffs opposing transfer also request the Panel to reconsider its initial decision designating the Northern District of California as the most appropriate transferee forum for this litigation. Our reasons for selecting that district as the transferee district are fully set forth in In re Juneau, Alaska, Air Disaster Litigation, *supra*. We are not persuaded that reconsideration of that decision is warranted and we deny plaintiffs' request.

It is therefore ordered that the action entitled Ralph Southerland, et al. v. Alaska Airlines, D.Alaska, Civil Action No. A–55–73 be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings with the other actions pending there.