**In re AIR CRASH DISASTER AT TWEED–NEW HAVEN AIRPORT ON JUNE 7, 1971.**

*Morton Hollander, etc., v. Allegheny Airlines, et al.,* D.Maryland, Civil Action No. 73–575–M.

**No. 96.**

Judicial Panel on Multidistrict Litigation. Dec. 13, 1973.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The above-captioned action arises out of the crash of an Allegheny Airlines aircraft near Tweed Airport at New Haven, Connecticut. Similar actions were previously transferred by the Panel to the District of Connecticut for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Tweed-New Haven Airport Air Disaster Litigation, 343 F.Supp. 951 (Jud.Pan.Mult.Lit. 1972). The Clerk of the Panel issued an order conditionally transferring the above action to the District of Connecticut and the Maryland plaintiffs have moved the Panel to vacate that order. We find that, even though the motion to vacate is unopposed, the above action must be transferred to the District of Connecticut in order to promote the just and efficient conduct of the litigation.

Plaintiffs contend that there are no questions of fact common to the previously transferred actions because Allegheny has tacitly admitted underlying liability. In addition, plaintiffs argue that transfer will not serve the convenience of the parties and witnesses because discovery concerning damages will be taken in the Baltimore-Washington, D. C., metropolitan area. Plaintiffs, however, are unable to point to a specific stipulation of liability by Allegheny in their action. Without such a stipulation, our decision necessarily must be based on the facts as pleaded. And it is clear that the allegations in the complaint raise issues which are common to the actions in Connecticut. Indeed, this is a classic case for transfer under Section 1407. Furthermore, our decision will in no way affect plaintiffs' discovery with respect to the issue of damages. We recognize that that discovery will take place where the witnesses are located. Transfer of this action for coordinated or consolidated pretrial proceedings with the other actions in this litigation will simply promote more efficient disposition of all the litigation and eliminate the possibilities of inconsistent pretrial decisions.

It is therefore ordered that the plaintiffs' motion to vacate the conditional transfer order be denied and it is further ordered that the above action be, and the same hereby is, transferred to the District of Connecticut and assigned to the Honorable M. Joseph Blumenfeld for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.