In re AIRCRAFT DISASTER AT JUNEAU, ALASKA, ON SEPTEMBER 4, 1971.

Sylvia A. MEEKS, Administratrix of the Estate of Lowell L. Meeks, Jr., Deceased, Plaintiff,

v.

ALASKA AIRLINES, an Alaska corporation, Defendant.

Elizabeth CORDLE, Administratrix of the Estate of Takehiro Endo, Deceased, Plaintiff,

v.

ALASKA AIRLINES, an Alaska corporation, Defendant.

Elizabeth CORDLE, Administratrix of the Estate of Takehiro Endo, Deceased, and Sylvia A. Meeks, Administratrix of the Estate of Lowell L. Meeks, Jr., Deceased, Plaintiffs,

v.

COLLINS RADIO CO. et al., Defendants.

COLLINS RADIO COMPANY, INC., a non-resident corporation, Defendant and Third-Party Plaintiff,

v.

ALASKA AIRLINES, INC., an Alaska corporation, and Does One through Ten, Third-Party Defendants.

ALASKA AIRLINES, INC., an Alaska corporation, Plaintiff,

v.

Sylvia A. MEEKS, Administratrix of the Estate of Lowell L. Meeks, Jr., Deceased, and Elizabeth Cordle, Administratrix of the Estate of Takehiro Endo, Deceased, et al., Defendants.

Patricia HARTLAND, Plaintiff,

v.

ALASKA AIRLINES et al., Defendant and Third-Party Plaintiff,

v.

The UNITED STATES of America and Collins Radio Company, Third-Party Defendants.

M.D.L. Docket No. 107, Civ. Nos. C-73-1254-PMH, C-73-1255-PMH, C-73-2293-PMH, C-73-0822 PMH, C-71-1729-PMH.

United States District Court, N. D. California. June 11, 1974.

See also, Jud.Pan.Mult.Lit., 350 F. Supp. 1163.

Ely, Guess & Rudd, Anchorage, Alaska, for plaintiffs.

Lord, Bissell & Brook, Chicago, Ill., for defendant Alaska Airlines.

Maloney, Chase, Fisher & Hurst, San Francisco, Cal., for defendant Collins Radio Co., Inc.

La Follett, Johnson, Horgan & Robinson, Los Angeles, Cal., for defendant Jeppesen & Co.

Burr, Pease & Kurtz, Inc., Anchorage, Alaska, for defendant Hughes Air West.

Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, Alaska, for defendant Boeing Aircraft, Inc.

## ORDER DENYING MOTION FOR REMAND AND DISAPPROVING STIPULATION FOR SETTLEMENT.

PEIRSON M. HALL, Senior District Judge.

On September 4, 1971, the plane of Alaska Airlines flight No. 1866 crashed near Juneau, Alaska, killing all human beings (111) aboard the plane.

Lowell L. Meeks and Takehiro Endo were two of the decedents.[1]

On January 4, 1972, Sylvia A. Meeks, as Administratrix of the estate of *Lowell L. Meeks,* filed a suit against Alaska Airlines *only* in the Alaska Superior Court for damages for the death of Lowell L. Meeks, her husband and the father of their then unborn child. That case had Alaska Superior Court No. 72–22.

On January 4, 1972, the same counsel filed a suit for the death of Takehiro Endo occurring on the same flight,

[1]. A settlement amount has been agreed upon in both the within cases as well as the suits involving all other deaths resulting from said crash except six.

wherein Elizabeth Cordle was named as Administratrix of the estate and Alaska Airlines *only* was named as defendant. That case was No. 72–23 in the Alaska Superior Court.[2]

On September 25, 1973, the *same* counsel for the *same plaintiffs*, Meeks and Endo, filed a case for the death of the *same* decedents in one case, No. 73–2788, in the Alaska Superior Court in which he did *not join Alaska Airlines*, but named *four others*, viz., (1) Collins Radio, (2) Jeppeson Company, (3) Hughes Aircraft, and (4) The Boeing Company as defendants. The complaint did not allege diversity of citizenship under 28 U.S.C. § 1332. From reading the complaint, however, it appears that there would be no other stated ground of Federal jurisdiction as no allegation is contained in it of jurisdiction founded on the existence of a question arising under the particular Act of Congress regulating aviation, viz., the Federal Aviation Act of 1958; 49 U.S.C. § 1301 et seq. (F.R.Civ.P. Form 2(c)). · Gabel v. Air West (S.D.Cal., 1972); 350 F. Supp. 612; Burbank v. Lockheed, 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547.

On October 4, 1973, Collins Radio timely removed that case, No. 73–2788, to the U. S. District Court of Alaska alleging its citizenship to be other than the State of Alaska, and thus removable under 28 U.S.C. § 1332. On October 10, 1973, Boeing joined in that removal. That case received No. A–152–73 in the U. S. District Court at Anchorage, and was promptly transferred to the undersigned sitting by designation in the U. S. District Court of Alaska under 28 U. S.C. § 292(b) and § 294(c). It later became a part of M.D.L. # 107, and was transferred by the M.D.L. Panel to the Northern District of California and the undersigned Judge under 28 U.S.C. § 1407. It appears from the files in that case which came from the Alaska State Court that service of process in accordance with F.R.Civ.P. 4(d)(3) was not made upon either Jeppeson or Hughes Air West, and thus no joinder by them in the removal petition was found.

On April 4, 1973, Alaska Airlines filed a suit in the U. S. District Court of Alaska, # A–64–73–Civil, under the Federal Declaratory Relief Statute, 28 U.S.C. § 2201 et seq., against Meeks and Endo (and many others) seeking to determine among other things the rights and duties between conflicting orders upon it of the U. S. District Court and the Alaska State Court.[3] This suit was likewise assigned to the undersigned, and eventually transferred to San Francisco and became a part of MDL 107.

Several months prior to the filing of the above-named *Meeks* and *Endo* cases, A–72–22 and 72–23, in the State Courts in Alaska, several cases had been filed in the United States District Court for the Northern District of California in San Francisco on September 8, 1971, seeking damages for the death of Sherman Hartland, Sr., among others, who was killed in the same crash. Those cases, on No-

---

2. The above two cases were among seven filed in Alaska State Court which were consolidated by the State Court for the purpose of pretrial discovery on the issue of liability of the defendant Alaska Airlines on December 5, 1972.

The other cases were all against Alaska Airlines *only* and were by either the personal representative or administrator or administratrix of the following persons who were killed in said crash, viz., Ralph Kelly Sutherland, Alaska State Court No. 71–2717; Charles M. McFall, Alaska State Court No. 71–2728; Inez C. Smith, Alaska State Court No. 71–2836; Judith L. and Steven Michael Nichols, Alaska State Court No. 71–3067; and Minnie Lola Lane, Alaska State Court No. 72–2820. These are among the settled cases. These cases were all removed to the United States District Court in Alaska, made a part of M.D.L. #107, removed to the Northern District of California, United States District Court and then settled.

3. In view of the large stakes involved it is hardly possible there would be a default, in which event the last sentence of F.R.Civ.P. 54(c) would apply which would of necessity bring into that litigation the issue of liability.

vember 16, 1971, were assigned to the undersigned Judge Hall sitting in that District by designation under 28 U.S.C. § 292(b) and § 294(c).

Shortly after that date the undersigned Judge made an Order *sua sponte* on November 25, 1971 [Ex. A.], requiring Alaska Airlines to file *in camera* a complete list of all human occupants of the plane, together with the names and addresses of their next of kin and the names and addresses of their counsel, if any were known. Upon receipt of that list the undersigned, on January 21, 1972, required a Notice [Ex. B] to be sent by the Clerk of the Court to each of the next of kin and their lawyers as named in said list.

Said Notice, *inter alia*, called a meeting, in the nature of pretrial, to be held at the U. S. Courthouse in San Francisco at 10:00 a. m. on February 22, 1972.

The meeting was attended by a large number of counsel (about 50) from various portions of the United States. Among other things it was suggested that the feasibility of a class action on liability be explored, as well as other means, looking to the expeditious disposition of all the litigation which might arise from said aircrash at a minimum of expense and inconvenience to all parties. The Court ordered all plaintiffs' counsel to meet to that end with defendants' counsel that afternoon. The meeting was recessed to February 23, 1972, at which time a proposed stipulation, instead of a class action, for common discovery on the issue of liability was presented. A copy of that Stipulation is attached as part of Exhibit B.

Exhibit C is a copy of the Notice to next of kin continuing the February 23 meeting to March 27, 1972, at which time the Court appointed a Committee of Plaintiffs' Counsel (there were about 50 present) with Arthur H. Connolly, Jr., Esq., of San Francisco, who was the attorney for one of the plaintiffs in the six cases pending there, as temporary chairman. After meeting they reported that lawyers representing about 35 decedents had met and agreed that Gerald A. Robbie and Donald W. Madole be co-chairmen of the subcommittee in charge of discovery on liability, the remaining members to consist of Seymour Ellison, Frank Doogan, Richard Krutch and alternate members Vernon T. Judkins, James Bradley and Lawrence J. Galardi.[4] After consultation with defendant Alaska Airlines, Collins Radio and Boeing, who were the only then known defendants in the various cases pending throughout the United States, that Committee recommended that all Plaintiffs' Lawyers sign said Stipulation. Counsel for the plaintiffs in the above two numbered cases did not sign that Stipulation and have since indicated they would not sign it and never had any intention of signing it. All of the cases in the meanwhile pending in San Francisco had been consolidated on the question of liability since early 1972, and on May 26, 1972, after hearing a petition for the purpose of perpetuating testimony under F.R.Civ.P. 27, the Court granted the Order, a copy of which is attached hereto and marked Exhibit D.

The Committee immediately proceeded to take depositions and otherwise make discovery which resulted in an Order for the production and inspection of documents of June 26, 1972, Exhibit E, and an Order for a common depository of August 10, 1972, and various minute orders relating to discovery. In the meanwhile Alaska Airlines was granted leave in the San Francisco District Court to file a third party complaint against the *United States, Collins Radio* and *The Boeing Company* on September 21, 1972. Collins later also filed a third party complaint against Alaska Airlines, which has also been transferred from Alaska to

---

4. The active members of that Committee in discovery consists of Mr. Madole as Chairman, Mr. Krutch, Mr. Bradley and Mr. Judkins.

the United States District Court in San Francisco.

It is to be noted that all this occurred prior to the M.D.L. No. 107 transfer on November 17, 1972; 350 F.Supp. 1163.

During the summer and early fall of 1972, the above plaintiffs proceeded in a consolidated case in the Alaska State Court, by a series of motions, to attempt to compel Alaska Airlines to furnish them, at Alaska's costs, copies of all deposition discovery and documents,[5] which had been produced by *anybody in the Federal* cases, or suffer a default against Alaska Airlines although plaintiffs' lawyers had taken no part whatsoever in, or contributed to, the over $60,000, to date, costs of that discovery. This was contrary to the orders of the Federal Court in the consolidated and M.D.L. case.

Alaska then timely removed the two cases to the United States District Court on the ground that this motion [6] raised a new and serious Federal question under 28 U.S.C. § 1331(a) concerning the power of the Federal Court to conduct its own proceedings and of more importance still the validity and use of the Multidistrict Panel Statutes, 28 U.S.C. § 1407, and the salutary procedures for expedition and economy which have developed under their rules and the practices developed in Multidistrict litigation. See Manual for Complex Litigation generally and Rule 2.50 of Part 1, particularly relating to document depositories.

The motion of plaintiffs for remand has never been withdrawn and now in the Stipulation for settlement they challenge the power of any jurisdiction to act.

■ The foregoing is concededly a long preliminary statement, but it brings to a point the proposition that the plaintiffs' cases not only involve

Alaska Airlines but Collins Radio, The United States, and for a while The Boeing Company. It also points up the proposition that every issue between everybody concerning liability can be tried in one trial only in the Federal Courts, with only one control of discovery. It demonstrates the laudable purposes of the Multidistrict Litigation, 28 U.S.C. § 1407. But the plaintiffs claim the removal was not made in thirty days after service of process of the initial pleading as required by the first paragraph of § 1446(b) of Title 28. The second paragraph of that section is as much the law as the first, and the fact that the "motion" and "papers" which plaintiffs served on defendant to compel them to give the results of all discovery or suffer default was to violate the Order of the United States District Court at San Francisco, creating a depository and otherwise controlling discovery, which had been produced at the cost of many thousands of dollars.

It is difficult and expensive enough at best to make discovery in an orderly manner in any airplane crash with decedents and their heirs resident in many states, but to countenance the plain outright defiance of this Court's Order for the production of discovery measured in weeks and months of time and thousands of dollars, to which the plaintiffs contributed nothing, would be to negative the second paragraph of 28 U.S.C. § 1446(b) and frustrate the laudable purposes of 28 U.S.C. § 1407.

■ Counsel for the representatives of the decedents *Meeks* and *Endo* now assert that they have an agreement for the settlement of the *Meeks* case and object to the deposit of either 20% of their fee or 5% of the total award to be taken out of their fee and held in a special interest-bearing account until the

---

5. One exhibit contained over 40,000 documents.

6. 28 U.S.C. § 1446(b) permits a timely removal if a "motion" is made "from which it

may first be ascertained that the case is one which is or has become removable."

conclusion of the case for distribution on hearing to counsel. This has been required in all settlements made so far. Such deposits have been required and have been made.

Settlements have been made in all of the cases arising from the death of all 111 human occupants of the plane except six. The formal paper work has not been completed on many of them, but counsel for the plaintiff Meeks has presented a stipulation for compromise settlement which the Court will not and cannot approve. No provision is provided for such a deposit to a fund for the determination, if any, of such amounts as should be paid to the Plaintiffs' Discovery Committee, but although plaintiff has presented copies of orders of Alaska and the Texas Court for the payments to the minors, no mention is made of the fee allowed to plaintiff. The 5% therefrom must come from counsel for plaintiff and not from any of the beneficiaries. Counsel has had a form of approval used, and should use it. He is not entitled to the work of Plaintiffs' Committee in inducing settlements without bearing his fair share of the load.

The dismissal filed is as to Alaska Airlines *only*, but plaintiff also sued the United States and Collins Radio. Furthermore, there is a third party complaint by Alaska Airlines against the United States and Collins Radio for indemnity or contribution. No mention is made of a release by plaintiffs of the United States or Collins Radio, which is necessary under Alaska law before either contribution or indemnity can be had.

For the foregoing reasons and good cause appearing,

It is hereby ordered that the Motions to Remand in *Meeks* and *Endo* cases are denied; and

That the Stipulation for dismissal is disapproved. When plaintiff's counsel corrects the deficiencies herein set out the Court will draw an order directing the disbursal of the funds on file in the *Meeks* case.